**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

———————————————

UNITED STATES OF AMERICA,

      Plaintiff,

    vs.                                  1:22-cr-01905-KWR

CECIL R. ROBERTS,

      Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court upon Defendant's Motion for Bill of Particulars, filed December 19, 2022. (Doc. 11). Having reviewed the parties' pleadings and exhibits, the Court finds that Defendant's motion is not well-taken and, therefore, is **DENIED**.

### BACKGROUND

On November 23, 2022, the Grand Jury returned an indictment charging Defendant with twenty counts of false entries and reports of moneys and securities in violation of 18 U.S.C. § 2073 and three counts of fraudulently issuing a money order in violation of 18 U.S.C. § 500.

For Counts 1-20, the indictment provides:

> On or about the dates listed below, in Cibola County, in the District of New Mexico, the Defendant, CECIL R. ROBERTS, a United States Postal Service employee charged with the duty of keeping accounts and records, knowingly and unlawfully, with the intent to deceive mislead, and defraud, made false and fictitious entries and records of any matter relating to and connected to his duties. . . in violation of 18 U.S.C. § 2073.

Doc. 2. The indictment further list for the 1-20 counts: the money order serial number, amount of money, and the date the money order was reported to the U.S. Postal Services. *Id.*

> For Counts 21-20, the indictment provides:
>
> On or about the dates listed below, in Cibola County, in the District of New Mexico, the defendant, CECIL R. ROBERTS, a United States Postal Service employee, with the purpose of fraudulently obtaining and receiving, directly and indirectly, a sum of money from the United States, issued postal money orders in the amounts below without having previously received the full amount payable to the United States for said money orders. . . in violation of 18 U.S.C. § 500.

> *Id.* The indictment further list for 21-23 counts: the money order serial number, amount of money, and the date the money order was issued. *Id.*

## DISCUSSION

Defendant requests that the Court require the Government to provide a bill of particulars identifying the specific factual violations that the Government intends to prove at trial. Doc. 11 at 4. Defendant argues that there is not specific information related to Defendant's alleged participation or what the Government believes is false or fictious. *Id.* at 5. The Government argues that each count provides sufficient notice to prepare a defense and sufficient information to assert double-jeopardy defense. Doc. 12 at 4. The Government further argues that they have provided full discovery. *Id.* The Court agrees with the Government.

Under Fed. R. Crim. P. 7(c)(1), an indictment must contain a "plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1). "An indictment is sufficient if it sets forth the elements of the offense charged, puts the defendant on fair notice of the charges against which he must defend, and enables the defendant to assert a double jeopardy defense." *United States v. Chisum,* 502 F.3d 1237, 1244 (10th Cir. 2007) (quoting *United States v. Dashney,* 117 F.3d 1197, 1205 (10th Cir.1997)). "Therefore, where the indictment

quotes the language of a statute and includes the date, place, and nature of illegal activity, it need

not go further and allege in detail the factual proof that will be relied upon to support the charges."

*United States v. Redcorn*, 528 F.3d 727, 733 (10th Cir. 2008) (internal quotation marks omitted),

*quoting United States v. Dunn,* 841 F.2d 1026, 1029 (10th Cir.1988); *United States v. Doe*, 572

F.3d 1162, 1173–74 (10th Cir. 2009) ("The indictment need only "quote[ ] the language of a statute

and include[ ] the date, place, and nature of illegal activity.").

"The purpose of a bill of particulars is to inform the defendant of the charge against him

with sufficient precision to allow him to prepare his defense." *United States v. Ivy*, 83 F.3d 1266,

1281 (10th Cir.) (quotation omitted), cert. denied, 519 U.S. 901 (1996). "[T]he defendant is not

entitled to notice of all of the *evidence* the government intends to produce, but only the *theory* of

the government's case." *Id.*

The Government set forth the elements of the offenses charged in the indictment. A

violation of 18 U.S.C. § 2073 occurs when an "employee of the United States or any of its agencies,

charged with the duty of keeping accounts or records of any kind, with intent to deceive, mislead,

injure, or defraud, makes in any such account or record any false or fictitious entry or record of

any matter relating to or connected with his duties." 18 U.S.C. § 2073. The indictment alleges that

Defendant is a U.S. Postal employee, who had duties to keep accounts or records, and with the

intent to deceive mislead, and defraud, made false and fictitious entries and records of any matter

relating to and connected to his duties. Doc. 2. A violation of 18 U.S.C. § 500 occurs when an

individual "issues any money order or postal note without having previously received or paid the

full amount of money payable therefor, with the purpose of fraudulently obtaining or receiving, or

fraudulently enabling any other person, either directly or indirectly, to obtain or receive from the

United States or Postal Service, or any officer, employee, or agent thereof, any sum of money

whatever." 18 U.S.C. § 500. The indictment alleges that Defendant issued postal money orders without having previously received the full amount payable to the United States for said money orders, with the purpose of fraudulently obtaining and receiving, directly and indirectly, a sum of money from the United States. Doc. 2. Defendant argues that the false and fictious records and Defendant's allege participation are unclear. Doc. 11 at 5. The Court disagrees. The indictment listed out each false and fictious record via the money order serial number, amount, and date. Defendants allege participation is allegedly making or issuing said money orders as it relates to each offense. The Court finds that the indictment contained the elements of each charged offense and includes the date and place that puts Defendant on fair notice of the charges against which he must defend and enables Defendant to assert a double jeopardy defense.

Moreover, the Court need not order a bill of particulars when the Government's theory of the case is disclosed elsewhere, such as in discovery, pleadings, or hearings. *See United States v. Jenkins*, 313 F.3d 549, 558 (10th Cir. 2002) (government representation at pre-trial hearing constituted disclosure sufficient to obviate need for bill of particulars). The Government has provided Defendant with discovery and will continue to disclose additional documents. Doc. 12 at 5.

The Court also has no doubt that the indictment, along with the record in this case, will be sufficient to protect Defendant from the risk of double jeopardy. *United States v. Levine*, 457 F.2d 1186, 1189 (10th Cir. 1972) ("The entire record of the proceedings may be referred to in the event of a subsequent similar prosecution."), *cited in United States v. Boston*, 718 F.2d 1511, 1515 (10th Cir. 1983) ("the entire record, not just the indictment, may be referred to in order to protect against double jeopardy if a subsequent prosecution should occur."); *United States v. Washington*, 653

F.3d 1251, 1261 (10th Cir. 2011) (entire record may be referred to, in order to protect against double jeopardy in subsequent proceeding).


      **IT IS THEREFORE ORDERED** that Defendant's Motion for Bill of Particulars **(Doc. 11)** is **DENIED** for reasons described in this Memorandum Opinion and Order.

                                     KEA W. RIGGS
                                    UNITED STATES DISTRICT JUDGE